# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2564

_____

B.S., by and through his Parents and Natural Guardians, K.S. and M.S.

*Plaintiff - Appellant*

v.

Anoka Hennepin Public Schools, ISD No. 11; Tom Heidemann, Chair of Anoka Hennepin Board of Education; Minnesota Department of Education; Brenda Cassellius, Commissioner, in her individual and representative capacity; Office of Administrative Hearings; Tammy Pust, Chief Administrative Law Judge in her individual and representative capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 10, 2015
Filed: September 2, 2015

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

BEAM, Circuit Judge.

K.S. and M.S., parents of B.S., appeal the district court's[1] denial of their petition for review in an Individuals with Disabilities Education Act (IDEA) case against the Anoka Hennepin Public Schools, Independent School District Number 11 (the district), Minnesota Department of Education (MDE), and various employees of the MDE.  We affirm.

## I.    BACKGROUND

B.S. was, at the time of the hearing, a sixteen-year-old identified with attention deficit hyperactivity disorder and has had an individualized education program (IEP) with the district.  A dispute arose between the parents and the school district over the IEP, and the parents requested a due process hearing pursuant to 20 U.S.C. § 1415 in May 2013.  During a pretrial conference, B.S.'s counsel indicated that she usually needed a day and a half to present evidence, and counsel for the school district indicated one day would be sufficient.  The Administrative Law Judge (ALJ) accordingly allotted nine hours of hearing time (eighteen hours total, divided evenly) for each party to present the testimony and cross-examination of its witnesses, and counsel were directed to plan their hearing presentations accordingly.

The due process hearing was held August 6, 7, and 8, 2013.  Immediately prior to the start of the hearing the parties disclosed that they had settled several issues, including a claim for prospective relief, as the parties had already agreed to a new IEP for B.S. for the upcoming school year.  Thus, the only claim remaining at that point was whether B.S. was entitled to compensatory education services for the alleged past denial of a free appropriate public education (FAPE) by the school.  On the first day of the hearing, counsel for B.S. spent approximately five hours examining the special-education administrator.  At one point during this first day of testimony, counsel for

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the district objected, noting that B.S.'s counsel had already used almost half of the allotted nine hours of time. B.S.'s nine hours of time expired on the next day, while examining a second witness, B.S.'s special-education case manager. In the middle of B.S.'s examination of this second witness, the ALJ reminded B.S.'s counsel that the nine-hour time limit set at the pretrial conference would be enforced, and offered counsel the opportunity to reorder the presentation of evidence accordingly. Counsel for B.S. objected to the enforcement of the time limits and continued on with the lengthy examination of the special-education case manager. B.S's time expired while examining the special-education case manager, and B.S. was not allowed to question witnesses further or cross-examine the district's witnesses. The ALJ offered to let B.S. make an offer of proof by calling additional witnesses, including B.S.'s parents, but B.S. instead chose to make an informal offer of proof of the additional evidence that B.S. had intended to present. In its final order, the ALJ surmised that based upon the offer of proof, B.S. would have needed three more days of hearing to present this additional evidence.

In September 2013, the ALJ issued its decision, concluding that B.S. did not meet his burden of proving he was denied a FAPE under the IDEA. B.S. petitioned for review of this decision to the federal district court pursuant to 20 U.S.C. § 1415(i)(2). B.S. additionally joined the MDE, the Commissioner of Education, and the Chief ALJ as parties, alleging that these state defendants established an unpromulgated "best practices" rule restricting the length of testimony in special-education hearings in violation of the Due Process Clause of the Fourteenth Amendment. The district court granted the state defendants' motion to dismiss, finding that because B.S. was challenging only one ALJ's discretionary decision, the state was not a proper party. The district court further concluded that B.S. did not suffer a legally cognizable injury for which the state could be liable, as there was nothing in the record indicating that the state set forth a mandate that due process hearings could only last three days. The district court also granted the district's motion for judgment on the administrative record, finding no abuse of discretion in

the ALJ's enforcement of time limits, and further found that the district had not denied B.S. a FAPE. On appeal, B.S. alleges the ALJ's time limits were a denial of due process,[2] and with regard to the state defendants, B.S. alleges that the state's rules illegally mandated such a limit.

## II. DISCUSSION

The IDEA requires all local educational agencies receiving federal funds to establish procedures "to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." 20 U.S.C. § 1415(a). A party challenging whether a FAPE has been provided may file an administrative complaint, which entitles him to receive an impartial due process hearing before a local or state educational agency. Id. §§ 1415(b)(6), 1415(f). Federal regulations provide parents with the rights to (1) have the child who is the subject of the hearing present; (2) open the hearing to the public; and (3) have the record of the hearing and the findings of fact and decisions provided at no cost to parents. 34 C.F.R. § 300.512(c). Beyond these requirements, the IDEA relies on the states to develop their own hearing procedures. Minnesota statutes provide procedural safeguards to ensure a fair hearing before a qualified independent hearing officer (an ALJ). The Education Commissioner chooses an ALJ from a list of qualified individuals. Minn. Stat. § 125A.091, subd. 13. Thereafter, the Commissioner's only role is to monitor and enforce the ALJ's decisions. Id. subd. 25. Minnesota statutes expressly *require* an ALJ to limit the due process hearing to the time sufficient for each party to present its case, and must maintain control and manage the hearing. Id. subd. 18. Minnesota regulations state only that the "amount of time parties will have to present their cases" is determined "by balancing the due process rights of the parties with the need for

---

[2]B.S. does not challenge the district court's substantive IDEA ruling that the district provided him a FAPE.

administrative efficiency and limited public resources."  Minn. Admin. R. pt. 3525.4110, subp. 2(A)(4).

After the ALJ renders a decision, the aggrieved party may seek review of that decision by bringing an action in federal district court, which reviews the administrative record and any additional evidence requested by the parties. 20 U.S.C. § 1415(i)(2).  The district court must make its decision independently, based on a preponderance of the evidence, whether the IDEA was violated.  Pachl v. Seagren, 453 F.3d 1064, 1068 (8th Cir. 2006).

Although the district court considered the entirety of B.S.'s substantive claims on appeal from the ALJ, the only thing being challenged here is the propriety of the ALJ's time limits.  The Minnesota statutes recounted above explicitly set forth the ALJ's duties with regard to managing due process hearings.  Within five days of being appointed, the ALJ must have a prehearing conference, and at this conference the ALJ must identify the pertinent questions and eliminate meritless ones; set a scheduling order; determine whether a hearing is even necessary; and establish the management, control, and location of the hearing to ensure its fair and efficient disposition. Minn. Stat. § 125A.091, subd. 15.  And, as noted above, the ALJ "must" limit the hearing to the time sufficient for each party to present its case.  Id. subd. 18.  Given Minnesota's statutory mandate vesting hearing officers with broad authority to manage the IDEA due process hearing, we agree with the district court that our review of this issue is for an abuse of discretion.  Cf. Johnson v. Ashby, 808 F.2d 676, 678 (8th Cir. 1987) (noting that federal district courts are vested with discretion to exercise strict control over the length of trials).

In light of these statutory standards, and having fully reviewed the administrative hearing transcript, we find that the ALJ did not abuse its considerable discretion in fulfilling the statutory mandate to oversee the due process hearing with the imposition and enforcement of reasonable time limits.  B.S. was fully consulted,

and in fact instrumental, in the development of the ALJ's pretrial scheduling order. There is no evidence in the record showing B.S.'s case to be particularly complicated. In fact, the issues were substantially narrowed before the hearing when the parties agreed on prospective relief for B.S. B.S.'s counsel made no objection to the time allotment until the second day of the hearing, even though concerns about the allocation of time were raised by opposing counsel on the first day of the hearing.

There is no question that B.S. was afforded all statutory rights specifically prescribed by the IDEA. See 20 U.S.C. § 1415(h) (listing the right to be advised by counsel; the right to present evidence and confront witnesses; the right to a written or electronic transcript of the hearing; and the right to written or electronic findings of fact and decisions). And while B.S. spends much time and energy arguing about the due process rights of parents and children in an IDEA proceeding, we note that even in the criminal context, where a party's liberty interest is at stake, the Supreme Court has rejected the idea that the accused has an unfettered right to present *all* relevant evidence. Montana v. Egelhoff, 518 U.S. 37, 42 (1996); see also Johnson, 808 F.2d at 678 (noting that federal district courts also must use their discretion to maintain control of their dockets, including restricting the length of trials). B.S. cites Johnson for its proposition that "it may be an abuse of the trial court's discretion to exclude probative, non-cumulative evidence simply because its introduction will cause delay, and any time limits formulated in advance of trial must be fashioned with this in mind." 808 F.2d at 678. Again, though, having reviewed the transcript of the proceedings in front of the ALJ, we find no such abuse of discretion occurred in this matter.

Further, the ALJ's reference to the best-practices manual during portions of exchanges with B.S.'s counsel does not demonstrate that the ALJ applied an inflexible, unpromulgated rule in limiting B.S.'s testimony time. The ALJ stated on the record that the reference to "best practices" was "not a dictate." The ALJ noted that during pretrial meetings (when more issues were disputed by the parties), counsel

had agreed that "three days was more than sufficient to present these issues." After a lengthy exchange wherein B.S.'s counsel repeatedly attempted to link enforcement of the agreed upon time limits to a perceived dictate from the best-practices manual, the ALJ reiterated that it was not.

> Okay. So pursuant to that statutory directive [in Minnesota Statute] 129A.091, Subdivision 18, Paragraph B[,] I entered an order providing for the allotment, the equal allotment, the fair and equal allotment of three days worth of hearing time. As it happens, coincidentally, fortuitously, helpfully, three days of hearing time is consistent with the maximum that MDE says is the best practice. So Counsel said they needed three days, we scheduled three particular days, I divided in half those three days, and it seemed to be consonant with the larger world.

An examination of the record indicates that in enforcing the time limits, the ALJ balanced the due process rights of the parties with the need for administrative efficiency and limited public resources. Minn. Admin. R. 3525.4110, subp. 2(A)(4). It appears abundantly clear from the record that the ALJ enforced the previously-agreed-upon time limits because he concluded that nine hours should have afforded B.S. an ample amount of time to present his case, not because the ALJ felt so constrained by a "best practices" directive from the MDE. We find that it was not an abuse of the ALJ's discretion to so conclude.

In light of this ruling on the first issue, we further find that the state defendants were correctly dismissed from this lawsuit. See Fed. R. Civ. P. 12(b)(6). The administrative record, which is necessarily part of the pleadings in the appeal of an IDEA administrative ruling, demonstrates that the ALJ exercised his discretion to limit hearing testimony to a reasonable time of nine hours for each party. There is nothing to suggest that the ALJ's time limits were based upon an illegally promulgated de facto rule, and as previously noted, the Minnesota statutes and rules required the ALJ to set time limits. The administrative record conclusively shows

-7-

that the ALJ did not feel bound by any alleged "systemic" procedural irregularity in the state's IDEA due process appeals, nor do any such alleged dictates exist in the state's procedures.  See Pachl, 453 F.3d at 1070 (indicating a state's department of education may have liability in the case of a systemic violation of its duties under the IDEA).  As in Pachl, the only action attributable to the state in this case was its appointment of an ALJ, and as such, no liability against the state arises.  Id.

## III.   CONCLUSION

We affirm.

_____